NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. PALARDY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF MILLBURN, TIMOTHY P. GORDON, and JOHN DOES 1-5, <br><br> Defendants. | Civil Action No. 15-02089(SDW)(LDW) <br><br><br> **OPINION** <br><br><br> May 2, 2016 |

**WIGENTON,** District Judge

Before this Court is the Motion for Judgment on the Pleadings of Defendants Township of Millburn and Timothy P. Gordon (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(c). This Court, having considered the parties' submissions decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

**I.      JURISDICTION AND VENUE**

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**II.     BACKGROUND**

Plaintiff Michael J. Palardy, Jr. ("Plaintiff") filed the operative Amended Complaint (Dkt. No. 28) in this matter on February 22, 2016, against Defendants Township of Millburn and Timothy P. Gordon, alleging a number of claims arising out of Plaintiff's employment as a police officer for the Department of Police in the Township of Millburn.  (*See* Am. Compl. ¶ 1.) According to Plaintiff, while employed by the Department of Police, he was an active member of the Police Benevolent Association ("PBA") and the Superior Officers Association ("SOA"), both of which acted as collective bargaining representatives for individuals in the "police bargaining unit."  (*Id*. ¶¶ 6-7.)  In his roles with the PBA and SOA, Plaintiff represented employees "in matters of discipline, in matters of terms and conditions of employment, and in contract negotiation with Millburn."  (*Id*. ¶ 7)

According to Plaintiff, as a result of his activities with the PBA and SOA, Defendants "labeled [Plaintiff] a thorn in their side, thwarting the unilateral desire of senior Millburn municipal staff in the manner, method, and means (and cost) of labor service to be provided by Millburn employees in the covered unit."  (*Id*. ¶¶ 8-9.)  As a result, Plaintiff claims, Defendants "took affirmative steps to derail, stymie, and thwart [P]laintiff's career."  (*Id*. ¶ 10.)  In addition to hiring an expert to determine whether the captain position in the Department of Police was needed (Plaintiff was the only captain), Defendants also denied Plaintiff credit for his last year of employment in calculation of his retirement annuity.  (*Id*. ¶¶ 10-12.)  Specifically, Plaintiff claims he was entitled to a retroactive wage increase which should have increased his pension entitlement. (*Id*. ¶ 13.)  However, Plaintiff claims, Defendants denied him this entitlement in retaliation for his union activities.  (*Id*. ¶ 14.)

Plaintiff's Amended Complaint includes eight counts: "unconstitutional interference with the employment contract between plaintiff and defendant" ("Count One"); retaliation for Plaintiff's free speech and association under 42 U.S.C. § 1983, and in violation of the New Jersey Constitution ("Count Two"); violation of the Free Speech Clause of the First Amendment ("Count Three"); violation of the Due Process Clause of the Fifth Amendment ("Count Four"); violation of the "Equal Protection Clause of the Fifth Amendment" ("Count Five"); violation of the Free Speech Clause of the New Jersey Constitution ("Count Six"); violation of the "Equal Protection Clause" of the New Jersey Constitution and the Fifth Amendment ("Count Seven"); and conspiracy to deprive Plaintiff of his civil rights pursuant to 42 U.S.C. § 1985(3) ("Count 8"). (*Id.* ¶¶ 21-59.) On February 26, 2016, Defendants filed their Motion for Judgment on the Pleadings seeking dismissal of all eight counts. (Dkt. No. 29.)

### III.   LEGAL STANDARD

When a party makes a motion for judgment on the pleadings based on the defense of failure to state a claim upon which relief can be granted, the Court "appl[ies] the same standards as under Rule 12(b)(6)." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013); *see also* Fed. R. Civ. P. 12(h)(2)(B).  Under the Rule 12(b)(6) standard, the movant bears the burden of establishing that the complaint has failed to sufficiently state a claim.  *Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 470 (3d Cir. 2011), *as amended* (Oct. 7, 2011).  In addition, "[a] court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  Furthermore, the question before the Court on such a motion is "not whether a plaintiff

will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 555 (2007)) (internal quotation marks omitted). Although the plaintiff is not required to make "detailed factual allegations," the complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly,* 550 U.S. at 555) (internal quotation marks omitted). In other words, "the pleaded factual content [must allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662.

In addition, a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law." *Id*. at 358. In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id*. Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id*. at 357-58 (citing *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto." *Constitution Party of Pennsylvania*, 757 F.3d at 348

(citing *In re Schering Plough Corp. Intron,* 678 F.3d at 243).  Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348.  Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction."  *Meehan v. Taylor*, No. CIV. 12-4079 RBK/KMW, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States,* 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Saving and Loan Assoc.,* 549 F.2d 884, 891 (3d Cir. 1977)).

IV. DISCUSSION

### A. Count One

In Count One of the Amended Complaint, Plaintiff claims that Defendants' refusal to pay Plaintiff additional money for his time as an employee of the Millburn Department of Police constitutes "unconstitutional interference with the employment contract between plaintiff and defendant."  (Am. Compl. ¶ 22.)  In response, Defendants' argue that Count One should be dismissed because Plaintiff failed to follow the grievance procedures in the applicable collective bargaining agreement.  (Defs.' Br. Supp. Mot. J. Pleadings ("Defs.' Br. Supp.") 14-17.)

According to Defendants, the "employment contract" Plaintiff references in Count One is the collective bargaining agreement ("CBA") between the Township of Millburn, the PBA, and the SOA.  (DelGaudio Cert. Ex. 2.)  In addition, Defendants point out that the "retroactive wage increase" to which Plaintiff claims he is entitled, (*See* Am. Compl. ¶ 13), is outlined in the April 21, 2014 Memorandum of Agreement which supplemented the CBA. (*See* DelGaudio Cert. Ex. 3.)  Plaintiff does not dispute either of these claims.  (*See generally* Pl.'s Mem. L. Opp. Defs.' Mot. ("Pl.'s Br. Opp.").)

Article X of the CBA governs salaries, including the salaries of police officers with the rank of captain. (*See* DelGaudio Cert. Ex. 2.) Moreover, Article III of the CBA, titled "Grievance Procedure," outlines the "sole and exclusive method for resolving grievances between the parties" and defines "grievances" as "any controversy arising over the interpretation or adherence to the terms and conditions of this Agreement." (*See id.*) Accordingly, it appears that a dispute as to Plaintiff's entitlement to wages under Article X of the CBA would be subject to the grievance procedures in Article III. However, despite this apparent applicability of the CBA's grievance procedures to Plaintiff's claim in Count One, Plaintiff does not challenge the validity of the CBA, nor does he dispute that his claim under Count One falls within Article III's scope. (*See* Pl.'s Br. Opp.) Furthermore, Plaintiff does not claim to have followed the grievance procedures. (*See id.*) Yet, "in situations involving collective bargaining agreements, it has long been the rule in New Jersey that the aggrieved employee must exhaust the remedies provided by the agreement before resorting to the court for redress." *Fregara v. Jet Aviation Bus. Jets*, 764 F. Supp. 940, 951 (D.N.J. 1991) (first citing *Jorgensen v. Pennsylvania R.R. Co.*, 138 A.2d 24 (N.J. 1958); then citing *Thompson v. Joseph Cory Warehouses, Inc.*, 521 A.2d 881 (N.J. Super. Ct. App. Div. 1987)). Accordingly, Plaintiff has failed to establish this Court's jurisdiction over Count One. Therefore, Count One is dismissed.[1]

---

[1] This Court also notes that insofar as Count One references constitutional protections, it does not state a cognizable claim under the contract clauses of either the U.S. or New Jersey Constitutions. *Skoutelas v. Port Auth. of Allegheny Cty.*, No. 2:07CV1077, 2008 WL 1773876, at *3 (W.D. Pa. Apr. 16, 2008) ("In order to prove a violation of the Contract Clause, a plaintiff must demonstrate that 'a change in state law has operated as a substantial impairment of a contractual relationship.'") (quoting *Transport Workers Union of America, Local 290 v. Southeastern Pennsylvania Transportation Authority,* 145 F.3d 619, 621 (3d Cir. 1998)); *New Jersey Educ. Ass'n v. State*, 989 A.2d 282, 290 (N.J. Super. Ct. App. Div. 2010) (stating that the contract clauses in the U.S. and New Jersey Constitution "are applied coextensively and provide the same protection." (internal quotation marks and citation omitted)).

### B. Counts Four and Five

Count Four and Count Five of the Amended Complaint assert claims for violation of Plaintiff's due process and equal protection rights under the Fifth Amendment, respectively. (Am. Compl. ¶¶ 37-45.) However, the Fifth Amendment only limits intrusions by the federal government and does not apply to state actions. *See Santos v. Sec'y of D.H.S.*, 532 F. App'x 29, 33 (3d Cir. 2013) ("[T]he Fifth Amendment applies to actions of the federal government, not state actions.") (citing *Citizens for Health v. Leavitt*, 428 F.3d 167, 178 n.11 (3d Cir. 2005)); *Pitt v. Pine Valley Golf Club*, 695 F. Supp. 778, 781 (D.N.J. 1988) ("The Fifth Amendment is a limitation on the federal government and has no reference to state actions.") (citation omitted). As Plaintiff has not alleged any actions by the federal government, Counts Four and Five are dismissed.

### C. Count Seven

In Count Seven of the Amended Complaint, Plaintiff claims Defendants violated his equal protection rights under the New Jersey Constitution.[2] (Am. Compl. ¶¶ 50-54.) Specifically, Plaintiff claims that Defendants subjected him to "differential treatment [which was] motivated by vindictiveness and an illegitimate animus." (*Id.* ¶ 52.) However, as discussed below, Plaintiff's Amended Complaint fails to state a claim for violation of his equal protection rights under the New Jersey Constitution.

The New Jersey Constitution does not contain an equal protection clause but the New Jersey courts have found there to be "[a] concept of equal protection . . . implicit in Art. I, par. 1 of the 1947 New Jersey Constitution . . . ." *McKenney v. Byrne*, 412 A.2d 1041, 1047 (N.J. 1980). Although the right to equal protection in the New Jersey Constitution "can in some situations be

---

[2] Insofar as Count Seven of the Amended Complaint includes a claim under the Fifth Amendment, that claim is dismissed because Plaintiff has not alleged any actions by the federal government. *See Santos*, 532 F. App'x at 33 ("[T]he Fifth Amendment applies to actions of the federal government, not state actions.") (citing *Citizens for Health*, 428 F.3d at 178 n.11).

broader than the right conferred by the Equal Protection Clause," *Doe v. Poritz*, 662 A.2d 367, 414 (N.J. 1995), the Superior Court of New Jersey, Appellate Division, has found that the United States Supreme Court's class-of-one analysis in *Engquist v. Oregon Department of Agriculture,* 553 U.S. 591 (2008), applies to equal protection claims under the New Jersey Constitution.  *See Cuozzo v. Cimino*, No. A-5431-10T1, 2012 WL 3116814, at *3 (N.J. Super. Ct. App. Div. July 20, 2012).

A class-of-one theory of equal protection is one in which an individual claims she was subjected to infringement of her equal protection rights "not because she was a member of an identified class . . . , but simply for 'arbitrary, vindictive, and malicious reasons.'"  *Engquist*, 553 U.S. at 595 (citation omitted).  Although equal protection claims most often allege that a plaintiff has "been arbitrarily classified as [a] member[] of an 'identifiable group,' . . . . "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called "class of one."  *Id*. at 601.  However, in *Engquist*, the Supreme Court held "that such a 'class-of-one' theory of equal protection has no place in the public employment context."  *Id*. at 594.  This is because "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns . . . . [but r]ather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship."  *Id*. at 605.

In this instance, Plaintiff has not alleged that he was discriminated against as a member of an identifiable group, but instead, that he has been subjected to "differential treatment . . . motivated by vindictiveness and an illegitimate animus . . . ."  (*See* Am. Compl. ¶ 52.)  However, Plaintiff brings this action as a public employee claiming discrimination in the context of his employment.  (*See generally* Am. Compl.)  Therefore, Count Seven relies on the class-of-one theory despite the fact that the theory "does not apply to public employment."  *Cuozzo*, No. A-

5431-10T1, 2012 WL 3116814, at *3 (adopting the U.S. Supreme Court's class of one analysis in the context of an equal protection claim under the New Jersey Constitution). Accordingly Count Seven of Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief can be granted.

### D. Count Eight

Plaintiff claims, in Count Eight of the Amended Complaint, that Defendants conspired to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3). (Am. Compl. ¶¶ 55-59.) However, to state a claim for conspiracy to deprive a person of his rights or privileges under § 1985(3), a Plaintiff must allege that the conspiracy was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Mendez v. N.J. State Lottery Comm'n*, 532 F. App'x 41, 45 (3d Cir. 2013) (quoting *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)) (internal quotation marks omitted). Plaintiff's Amended Complaint does not allege such a motivation and, therefore, fails to allege sufficient facts to state a claim under § 1985(3).

### E. Counts Two, Three, and Six

In Counts Two, Three, and Six of the Amended Complaint, Plaintiff claims he was subjected to retaliation for his union-related speech and association, in violation of the First Amendment and the New Jersey Constitution. (Am. Compl. ¶¶ 24-36, 46-49.) In response, Defendants argue this Court lacks jurisdiction over these claims because they are subject to the exclusive jurisdiction of the New Jersey Public Employment Relations Commission ("PERC"). (Defs.' Br. Supp. 10-13.) However, Defendants have not identified, nor has this Court found, any authority supporting Defendants' claim that PERC has exclusive jurisdiction over free speech claims under the First Amendment and the New Jersey Constitution. Accordingly, Defendants' Motion is denied as to Counts Two, Three, and Six.

Under the New Jersey Employer-Employee Relations Act (the "Act"), N.J. Stat. Ann. ("N.J.S.A.") §§ 34:13A-1 to -21, it is unlawful for a public employer to subject an employee to adverse actions "because of his or her union activity." *Matter of Bridgewater Twp.*, 471 A.2d 1, 2 (N.J. 1984). Under the Act, the Public Employment Relations Commission is granted "exclusive power . . . to prevent anyone from engaging in any unfair practice listed [in sections 34:13A-5.4(a)-(b)]." N.J.S.A. § 34:13A-5.4. Furthermore, although "PERC can only remedy discrimination regarding the exercise of rights guaranteed by the [Act] . . . . [PERC may consider federal constitutional claims when] such a resolution is necessary to resolve statutory claims properly before it." *Peterson v. City of Long Branch, N.J.*, No. CIVA08-3452, 2009 WL 749589, at *9 (D.N.J. Mar. 19, 2009) (citations omitted). In fact, when PERC has already ruled on a plaintiff's constitutional claims, or when there is a matter including such claims pending before PERC, federal courts often abstain from hearing the claims. *See, e.g.*, *Local 194, Int'l Fed'n of Prof'l & Tech. Engineers, AFL-CIO v. The New Jersey Tpk. Auth.*, No. CIV.A. 11-1653 JLL, 2011 WL 1547473, at *9 (D.N.J. Apr. 21, 2011) (dismissing a complaint based on *Younger* abstention where a related action was pending before PERC). However, Defendants do not claim that there is a related matter currently pending before PERC. (*See generally* Defs.' Br. Supp.) Nor do Defendants claim (despite relying exclusively on cases which were on appeal from PERC) that PERC previously ruled on Plaintiff's free speech claims. (*Id.*); *see Matter of Bridgewater Twp.*, 471 A.2d at 1 (on appeal from PERC); *In re City of Garfield*, No. A-5842-12T3, 2014 WL 6090524, at *1 (N.J. Super. Ct. App. Div. Nov. 17, 2014) (same); *Matter of Hunterdon Cty. Bd. of Chosen Freeholders*, 561 A.2d 597, 599 (N.J. 1989) (same); *Galloway Twp. Bd. of Educ. v. Galloway Twp. Ass'n of Educ. Secretaries*, 393 A.2d 207 (N.J. 1978) (same).

As this matter is not on appeal from PERC, nor is there a related matter pending before PERC, it appears Defendants argue that this Court lacks jurisdiction over Counts Two, Three, and Six because Plaintiff failed to first bring his free speech claims before PERC. (*See*. Defs.' Br. Supp. 10-13.) However, plaintiffs need not exhaust state administrative remedies before bringing civil rights claims pursuant to 42 U.S.C. § 1983. *See James v. Richman*, 547 F.3d 214, 217 (3d Cir. 2008) ("[T]here is no general requirement that plaintiffs exhaust state administrative remedies before bringing a § 1983 action.") (first citing *Patsy v. Bd. of Regents,* 457 U.S. 496, 516 (1982); then citing *Monroe v. Pape,* 365 U.S. 167, 183 (1961)). Moreover, although Defendants cite numerous cases that were on appeal from PERC, they did not cite a single case holding that plaintiffs must bring free speech claims under the New Jersey Constitution to PERC before seeking relief in court. Nor has this Court, in its review, found authority to support such a proposition. Accordingly, at this stage of the proceedings, this Court cannot determine that it is precluded from considering Plaintiff's free speech claims under the New Jersey Constitution. *See, e.g.*, *Clayton v. City of Atl. City*, 722 F. Supp. 2d 581, 588 n.7 (D.N.J. 2010). As a result, Defendants' Motion is denied as to Counts Two, Three and Six.

V.     **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings is **GRANTED** in part and **DENIED** in part. Specifically, the Motion is granted as to Counts One, Four, Five, Seven, and Eight. The Motion is denied as to Counts Two, Three, and Six. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Magistrate Judge Leda D. Wettre
            Parties