NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. PALARDY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF MILLBURN, TIMOTHY P. GORDON, and JOHN DOES 1-5, <br><br> Defendants. | Civil Action No. 15-02089(SDW)(LDW) <br><br><br> **OPINION** <br><br><br> July 11, 2017 |

**WIGENTON,** District Judge

Before this Court is the Motion for Summary Judgment of Defendants Township of Millburn and Timothy P. Gordon (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 56. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' Motion is **GRANTED**.

**I.      JURISDICTION AND VENUE**

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**II.     BACKGROUND**[1]

Plaintiff Michael J. Palardy, Jr. ("Plaintiff") filed the operative Amended Complaint, (Dkt. No. 28), in this matter on February 22, 2016, against Defendants Township of Millburn and Timothy P. Gordon, alleging eight claims arising out of Plaintiff's employment as a police officer for the Department of Police in the Township of Millburn (the "Police Department"). (*See* Am. Compl. ¶ 1.) On May 2, 2016, this Court granted Defendants' Motion for Judgment on the Pleadings as to five of the eight counts in the Amended Complaint. (Dkt. Nos. 37-38.) The remaining counts of the Amended Complaint allege that Defendants violated Plaintiff's rights to free speech and association under the United States and New Jersey Constitutions.[2]

Plaintiff began working as a police officer for the Township of Millburn in 1988. (Defs.' Statement of Undisputed Material Facts ("Defs.' SMF") ¶ 8.) After over twenty years as a police officer, Plaintiff submitted his application for retirement to the Township Police Department on August 13, 2013. (*Id*. ¶ 9.) He remained on terminal leave from September 1, 2013, until his effective retirement date of February 1, 2014. (*Id*. ¶ 15.)

---

[1] Plaintiff did not submit a responsive statement of undisputed material facts as is required by Local Civil Rule 56.1. Pursuant to Local Civil Rule 56.1, "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Accordingly, this Court will presume that the facts in Defendants' statement of undisputed material facts are true unless they are controverted by the evidence in the record. This Court notes that this task is further complicated by Plaintiff's brief in opposition to the Motion for Summary Judgment because Plaintiff's brief is nearly devoid of any reference to the facts in this matter and, instead, relies almost entirely on conclusory legal arguments.

[2] This Court considers Counts Two, Three, and Six together. To the extent Count Three asserts a violation of the First Amendment, that Count is redundant of Plaintiff's identical claim brought under 42 U.S.C. § 1983 in Count Two. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906–07 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution . . . .") Moreover, this Court considers Counts Two and Six together because the "[New Jersey] Constitution's free speech clause is generally interpreted as co-extensive with the First Amendment . . . ." *State, Twp. of Pennsauken v. Schad*, 160 N.J. 156, 176 (1999).

Plaintiff was promoted three times over the course of his career: to the rank of sergeant in 1995, lieutenant in 1998, and captain on February 21, 2012. (*Id.* ¶ 8.) He also was a member of the Police Benevolent Association ("PBA") and the Superior Officers Association ("SOA"), both of which acted as collective bargaining representatives for individuals in the Police Department. (*Id.* ¶ 18; Pl.'s Counter Statement of Material Facts ("Pl.'s CSMF") ¶ 1.d.; Am. Compl. ¶¶ 6-7.) Plaintiff had a number of roles with both the PBA and SOA during his career. He claims to have been a sergeant-at-arms for the PBA in the early 1990s, after which he was a union delegate for the PBA from approximately 1992 to 1995. (Defs.' SMF ¶ 19.) Plaintiff also served as the SOA Vice President in approximately 2007 or 2008 and as the SOA President from approximately 2009. (*Id.* ¶ 20.) He stepped down as SOA President in approximately September of 2011, several months before he was promoted to the rank of captain. (*Id.* ¶ 21.)

The actions Plaintiff took as a union member are not described with much detail in Plaintiff's submissions to this Court. According to Plaintiff, he was "active as a member, officer, and member of the contracting [sic] negotiating committed [sic]." (Pl.'s CSMF ¶ 1.e.) Plaintiff also contends that "when called upon [he] represented members of the bargaining unit in matters of discipline, in matters of terms and conditions of employment, and in contract negotiation with Millburn." (Palardy Cert. ¶ 10.) Plaintiff was not, however, the "lead negotiator" during negotiations on any collective bargaining agreement. (Defs.' SMF ¶ 24.) Moreover, Plaintiff testified that although the "mouthpiece" for the union during arbitration proceedings in the early 2000s was the union's attorney, Plaintiff did research to support a change in the Police Department's work schedule. (*Id.* ¶¶ 27-30.) Finally, Plaintiff claims to have attended a discipline hearing of a PBA president when Plaintiff was still a lieutenant in 1998 or 1999. (Palardy Cert. ¶ 14; Defs.' SMF ¶¶ 31-32.) Plaintiff did not hold any roles in the PBA or SOA, and did not

3

participate in any collective bargaining negotiations, after he stepped down as SOA President in approximately September of 2011. (Defs.' SMF ¶¶ 37-39.)

According to Plaintiff, Defendant Township of Millburn and Defendant Gordon, the Township's former Business Administrator, violated Plaintiff's free speech and association rights through a number of actions Plaintiff claims were retaliatory. (*See generally* Pl.'s Br. Opp. Mot. Summ. J. ("Pl.'s Br. Opp.").) Although Plaintiff does not clearly outline which of Defendants' actions he believes to have been retaliatory, he appears to complain of the following conduct.

First, Plaintiff contends that Defendants retaliated against him by commissioning two studies performed by Dr. Wayne Fisher: a 2008 study into the overtime authorization procedure and internal affairs procedure, as well as, a 2011 study of the table of organization of the Township Police Department. (Am. Compl. ¶ 10; Defs.' SMF ¶¶ 53-59.) Although Plaintiff contends that at least one of these studies was conducted for the purpose of preventing him from being promoted to the rank of captain, he concedes both that he was eventually promoted to that rank, and also, that he was not adversely impacted by either study. (Defs.' SMF ¶¶ 54, 56, 58-59.)

Second, Plaintiff contends that Defendants retaliated against him by refusing to pay him a retroactive wage increase granted to other Township employees. (Am. Compl. ¶ 13.) However, this retroactive wage increase, which the SOA and Township jointly agreed to on April 21, 2014, as part of changes to their collective bargaining agreement, was made applicable only to those employees on the Township's payroll at the time the agreement was made. (Defs.' SMF ¶¶ 42-44.) Plaintiff was not on the Township's payroll at the time of the agreement because he retired over two months earlier on February 1, 2014. (*Id*. ¶ 42, 44.) Moreover, Plaintiff concedes both that he was aware the Township was considering the retroactive wage increase, and also, that he could have extended his terminal leave past his February 1, 2014 retirement date. In addition, Defendants

contend, and Plaintiff does not dispute, that the same retroactive wage increase and the accompanying limitation of eligibility to those employees on the payroll at the time of the agreement, "was added to all of the Township's union agreements during this time period—including the PBA, the fire department and the road department." (*Id.* ¶ 46.)

Third, although Plaintiff did not include this accusation in his Amended Complaint, he contends that Defendants retaliated against him by considering the Chief of the Livingston Police Department for a position as the Chief of the Millburn Police Department. (*Id.* ¶ 60.) However, Plaintiff concedes that this took place when Plaintiff was a lieutenant, and also, that the Livingston Chief was not hired as the Millburn Chief. (*Id.* ¶ 62.)

Finally, Plaintiff contends that Defendant's retaliated against him by not promoting him to the position of Chief of the Millburn Police Department. (Pl.'s CSMF 1.i.) However, Plaintiff also contends that he retired over a year before the position would have become available in April of 2015 because the "writing was on the wall" that he would not be promoted. (Defs.' SMF ¶¶ 63-67.) Moreover, Plaintiff admits that he was "never passed over for the chief's position," that he never discussed a promotion to that position with Defendant Gordon, and that he was, in fact, never passed over for any promotion within the Police Department. (Defs.' SMF ¶¶ 68-74.)

In light of these accusations, Plaintiff now contends that Defendants' actions violated his rights to free speech and association in contravention of the United States and New Jersey Constitutions. Defendants filed the Motion for Summary Judgment now before this Court on March 10, 2017. (*See generally* Defs.' Br. Supp. Mot. Summ. J. ("Defs.' Br. Supp.").) Plaintiff filed his brief in opposition on April 24, 2017, and Defendants filed a brief in reply on May 1, 2017.

## III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions, or denials of its pleadings. *Shields v. Zucc arini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"

*Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The non-moving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the non-moving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004) (citing *Celotex Corp*., 477 U.S. at 322-23.) If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The non-moving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. Appx. 548, 554 (3d Cir. 2002).

**IV. DISCUSSION**

In order to prove a claim of retaliation in violation of the First Amendment right to free speech, a plaintiff must show "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Killion v. Coffey*, No. 16-3909, 2017 WL 2628881, at *1 (3d Cir. June 19, 2017) (quoting *Thomas v. Indep.*

7

*Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)) (internal quotation marks omitted).[3] As discussed below, Plaintiff has not identified any evidence to support his assertions that he engaged in constitutionally protected conduct and Defendants are, therefore, entitled to summary judgment.

"[W]hile the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" *Garcetti v. Ceballos*, 547 U.S. 410, 420 (2006) (quoting *Connick v. Myers*, 461 U.S. 138, 154 (1983)). Therefore, a public employee's speech is protected under the First Amendment only "when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee different from any other member of the general public' as a result of the statement he made." *Killion*, 2017 WL 2628881, at *1 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 241–42 (3d Cir. 2006)) (internal quotation marks omitted).[4] In this instance, Defendants argue that Plaintiff cannot show he engaged in constitutionally protected conduct both because he did not act as a private citizen, and also, because none of his speech was on a matter of public concern. (*See* Defs.' Br. Supp. at 13-32.) This Court agrees.

In order to satisfy the requirement that he engaged in constitutionally protected conduct, Plaintiff must have acted or spoken regarding a matter of public concern. *See Hill*, 455 F.3d at 241-42 (citing *Garcetti*, 547 U.S. at 417). "Speech involves matters of public concern 'when it

---

[3] To the extent Plaintiff intended to include a freedom of association claim, this Court considers the claims together because his "associational claim is barely an extension of his free speech claim." *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (first citing *Sanguigni v. Pittsburgh Bd. of Pub. Educ.*, 968 F.2d 393, 400 (3d Cir. 1992); then citing *Dible v. City of Chandler,* 502 F.3d 1040, 1050 (9th Cir. 2007)).

[4] As the core of Plaintiff's freedom of association claim is the same as his freedom of speech claim (i.e., that Defendants retaliated against him because he spoke out as an active member of the PBA and SOA on numerous occasions), both claims are subject to these requirements. *See Killion v. Coffey*, No. 16-3909, 2017 WL 2628881, at *1 (3d Cir. June 19, 2017).

can "be fairly considered as relating to any matter of political, social, or other concern to the community," or when it 'is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.'" *Lane v. Franks*, 134 S. Ct. 2369, 2380 (2014) (quoting *Snyder v. Phelps*, 131 S. Ct. 1207, 1216 (2011)). That said, Courts in this Circuit generally recognize that speech regarding "working conditions and other issues in union members' employment" are "personnel matters . . . [which are not] of interest to the broader community." *Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 (3d Cir. 2015) (citations omitted); *see, e.g.*, *Beresford v. Wall Twp. Bd. of Educ.*, No. CIV.A.08-2236(JAP), 2010 WL 445684, at *6 (D.N.J. Feb. 3, 2010) (holding that a union president's speech was not on a matter of public concern because it "related to his and the [union] members' employment, raises, sick days and overtime")

In this instance, Plaintiff contends that he was "active as a member, officer, and member of the contracting [sic] negotiating committed [sic]," (Pl.'s CSMF ¶ 1.e.), and that he "represented members of the bargaining unit in matters of discipline, in matter of terms and conditions of employment, and in contract negotiation with Millburn." (Palardy Cert. ¶ 10.) To the extent Plaintiff claims to have engaged in other speech related to his union membership, that speech pertained to matters of employee discipline, promotion, salaries, and work hours. (*See* Defs.' SMF ¶¶ 18-36.) As a result, Plaintiff argues, his "speech concerned a community interest." (Pl.'s Br. Opp. at 9.) However, as Plaintiff's speech related to personnel matters rather than matters of political, social, or community concern, none of the speech Plaintiff engaged in rose to the level of constitutionally protected conduct. *See Thomas*, 626 F. App'x at 389; *Garvey v. Barnegat Bd. of Educ.*, No. CIV. A. 07-6134 MLC, 2008 WL 2902617, at *6 (D.N.J. July 24, 2008) ("Membership in a union 'negotiating team' does not constitute conduct protected by the First Amendment. Further, statements made by a public employee carrying out official duties, including

9

negotiating terms of employment, are not entitled to First Amendment protection."); *Garcia v. Newtown Twp.*, 483 F. App'x 697, 703 (3d Cir. 2012) (explaining that "internal workplace matters and personal grievances . . . fall outside the sphere of First Amendment protection."). Accordingly, Plaintiff has not identified any speech or conduct by which he acted regarding a matter of public concern. Moreover, even if Plaintiff's conduct did address a matter of public concern, Plaintiff has not identified any evidence to support his contention that he "spoke as a private citizen." (Pl.'s Br. Opp. at 9.)

Although Plaintiff has not identified any evidence to support his contention that he spoke on a matter of public concern, Defendants are entitled to summary judgment for the additional reason that Plaintiff cannot show that he acted or spoke as a private citizen. To the extent that Plaintiff advocated regarding personnel matters, including discipline, work schedules, and salaries, he was "able and eager [to do so] . . . precisely because of [his] employment as [a] police officer[] and the special knowledge and experience acquired through that employment." *Killion*, 2017 WL 2628881, at *2 (citation and internal quotation marks omitted). As the Third Circuit explained in *Killion v. Coffey*, even if union-related speech by a police officer regarding personnel matters did implicate a matter of public concern, the police officer engages in such conduct "to advance [his or her] position as [a] police officer[]." *Id.*; *see also Hill v. City of Philadelphia*, No. CIV.A. 05-6574, 2008 WL 2622907, at *6 (E.D. Pa. June 30, 2008), *aff'd*, 331 F. App'x 138 (3d Cir. 2009) ("Any activity or related speech which allegedly led to retaliation against [the plaintiff] was conducted pursuant to his official duties as a union delegate acting on behalf of employees of a municipal agency, and not as a citizen.") Accordingly, Plaintiff cannot show that he engaged in constitutionally protected conduct and Defendants are, therefore, entitled to summary judgment.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Magistrate Judge Leda D. Wettre
            Parties